UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TWCI CONSULTING, LLC and CARLTON INGRAM | PLAINTIFFS |
| V. | CIVIL ACTION NO. 3:24-CV-757-CWR-ASH |
| MATTHEW CLARK and INVOKED HOLDINGS, LLC | DEFENDANTS |

ORDER

This matter is before the Court *sua sponte* to address deficiencies in Plaintiff TWCI Consulting, LLC's Rule 7.1 disclosure statement. On February 7, 2025, the Court ordered [5] TWCI to file a complete Rule 7.1 disclosure statement on or before February 14, 2025. TWCI filed its disclosure statement [6] the same day the Court issued its order, but the statement is incomplete. There remains time to correct it, and the Court orders TWCI to do so.

Rule 7.1(a)(2) requires every party or intervenor in a case in which jurisdiction is based on diversity to file a disclosure statement that "*must name*—and identify the citizenship of— every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of *every member of every LLC* or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,* 851 F.3d 530, 536 (5th Cir. 2017) (emphasis added).

TWCI's Rule 7.1 disclosure statement names Ingram Business Services, LLC as one of its members, but fails to go the next step of identifying the members of *that* LLC. It states only that "Ingram Business Services, LLC., [sic] is a Mississippi Limited Liability Company, with its principal place of business located at 1052 East Gallman Road Hazlehurst, MS 39083."

Disclosure Stmt. [6] at 2. But identifying an LLC's principal place of business is not the same as identifying its citizenship. To be clear, because one of TWCI's members is an LLC, then TWCI must also disclose the name and citizenship of "every member of every [Ingram Business Services, LLC, and every other LLC or unincorporated entity]" that is a part of the membership chain. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding, L.L.C.*, 851 F.3d at 536).[1]

Because TWCI's Rule 7.1 disclosure statement is incomplete, the Court finds TWCI has not yet complied with the Court's previous Order [5]. The Court therefore directs TWCI to file a corrected (and complete) Rule 7.1 disclosure statement on or before the original deadline of February 14, 2025.

**SO ORDERED AND ADJUDGED** this the 11th day of February, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] "'The difference between citizenship and residency is a frequent source of confusion.'" *SXSW, L.L.C.*, 83 F.4th at 407 (quoting *MidCap Media*, 929 F.3d at 313). "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *Id.* "An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)). An LLC's citizenship is determined by that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). LLC *ownership* is not necessarily the same thing as LLC *membership*. *SXSW, L.L.C.*, 83 F.4th at 408 (observing that several states permit LLC membership without ownership).